IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**WILLIE C. JACKSON**      **PLAINTIFF**

**V.**      **CIVIL ACTION NO.
2:08-CV-171-SAA**

**MICHAEL J. ASTRUE,
Commissioner of Social Security**      **DEFENDANT**

## MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Willie C. Jackson for a period of disability and disability insurance benefits under Title II and Supplemental Income (SSI) benefits under Title XVI of the Social Security Act. This action is brought under § 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g). The district court's jurisdiction over Jackson's claim rests upon 28 U.S.C. § 1331.[1]

## PROCEDURAL HISTORY

On May 31, 2005, Willie C. Jackson protectively filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income. Plaintiff alleged the onset of his disability was May 20, 2005. Docket # 7-2, p. 15. The claims were denied on July 21, 2005 and on reconsideration on October 3, 2005. Id. The plaintiff timely filed a request for a hearing before an administrative law judge [ALJ] on November 22, 2005; the hearing was held on September 7, 2007. *Id.* On October 26, 2007, the

---

[1]The parties have consented to decision of this action by the magistrate judge as provided by 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73. [Docket # 10].

ALJ issued his decision denying the claim. Docket # 7-2, p. 15-22. The Appeals Council denied Jackson's request for review, Docket # 7-2, p. 12, making the ALJ's decision the final decision of the Commissioner, now ripe for the court's review.

## FACTS

Jackson was born on January 1, 1960 and was forty-five years old at the time of alleged onset of disability. Tr. 108. Jackson testified that he completed the eleventh grade. Docket # 7-2, p. 40. Tr. 120. His past relevant work was that of a fast food worker from approximately 1990 through 2004. Docket # 7-2, p. 42. Jackson alleged disability due to "neck and back problems." Docket # 7-2, p. 68.

The ALJ determined that the plaintiff had severe impairments of a history of lumbar surgery, degenerative joint disease and a herniated nucleus pulposus at C5-6 and C6-7 with radiculopathy and status post cervical fusion. Docket # 7-2, p. 17. Although the ALJ determined that these impairments "severe" in that they caused more than minimal limitations of the plaintiff's ability to perform basic work functions, he further found that plaintiff's impairments did not meet, either in combination or individually, any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Docket # 7-2, p. 19. Upon consideration of Jackson's symptoms and the extent to which the symptoms could be considered consistent with the objective medical evidence and the State agency medical consultant, the ALJ determined plaintiff's residual functional capacity [RFC]. Docket # 7-2, p. 19. Based upon the testimony of the vocational expert [VE], the ALJ found that considering Jackson's age, work experience and RFC, a significant number of jobs exist in the national economy which Jackson could perform. Docket # 7-2, p. 21.

2

**DISCUSSION**

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390 (1971)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not re-weigh the evidence, try the case *de novo*, or substitute its own judgment for that of the Commissioner,[2] even if it finds that the evidence leans against the Commissioner's decision.[3] If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[4] The burden rests upon the plaintiff throughout the first four steps

---

[2] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[3] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

[4] *See* 20 C.F.R. §§ 404.1520, 416.920 (2007).

3

of this five-step process to prove disability, and if the plaintiff is successful in sustaining his burden at each of the first four levels, the burden then shifts to the Commissioner at step five.[5] First, the plaintiff must prove he is not currently engaged in substantial gainful activity.[6] Second, the Commissioner considers the medical severity of the claimant's impairment.[7] At step three the ALJ must conclude the plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.02 (1998).[8] Fourth, the Commissioner determines the plaintiff's residual functional capacity, and the plaintiff bears the burden of proving he is incapable of meeting the physical and mental demands of his past relevant work.[9] If the plaintiff is successful at all four of the preceding steps the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[10] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that he cannot, in fact, perform that work.[11]

Jackson claims the Commissioner's decision was flawed because the ALJ failed at step 3 of the evaluation process to discuss in detail how Jackson's impairments failed to meet a

---

[5] *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

[6] 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I) (2007).

[7] 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (2007).

[8] 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii) (2007).

[9] 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv) ( 2007).

[10] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v) (2007).

[11] *Muse*, 925 F.2d at 789.

medical listing, and the ALJ relied upon testimony of the VE which conflicted with the Dictionary of Occupation Titles.

Failure to Address Listing 1.04A at Step 3 of the Evaluation Process

Jackson alleges that the Commissioner erred at Step 3 of the evaluation process by failing to find that Jackson's impairments did not meet or equal a listed impairment found at 20 C.F.R. § 404, subpt. P, app.1, 1.04A (2008) and failing to explain why exactly the medical evidence did not meet or equal the listed impairment. Docket # 13, p. 10.

Listing 1.04A provides a combination of medical conditions and resulting limitations, which, if met or equaled, direct a finding of disability at step three of the sequential evaluation process:[12]

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuroanatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)...[13]

It is Jackson's burden to demonstrate that his condition satisfies the criteria in a medical listing. *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994). These criteria are "demanding and stringent." *Id.*.

The regulations provide that when determining whether an impairment medically

---

[12] See 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.04.

[13] *Id.*

5

equals a listing the Commissioner will consider "all evidence in your case record about your impairment(s) and its effect on you that is relevant to this finding." 20 C.F.R. § 404.1526. The ALJ appears to have considered all of the evidence in Jackson's case record, including the opinions of medical consultants. Docket # 7-2, pp. 19-20. Although the ALJ did not explicitly mention Listing § 1.04A, he did discuss the subjective and objective evidence, which he concluded failed to equal the requirements of any listing. Docket # 7-2, pp.19-20.

Citing *Audler v. Astrue*, 501 F.3d 446 (5th Cir. 2007), plaintiff contends that the ALJ's failure to offer an explicit point-by-point analysis of whether plaintiff met the criteria in Listing 1.04A constitutes a legal error. In *Audler*, the ALJ concluded that the claimant did not meet the any of the listed medical impairments found in the regulations, without identifying any particular medical impairment or providing an explanation for that conclusion. Although the ALJ is not required to engage in a point-by-point discussion, an explanation supporting his conclusion is necessary in order to determine whether the decision is based on substantial evidence. *Audler*, 501 F.3d at 448. The Fifth Circuit cited *Clifton v. Chater*, 79 F3d 1007 (10th Cir. 1996), in holding that when Audler presented evidence that she did meet the criteria of the medical listing, the ALJ was obliged to explain why this evidence was not sufficient to support a finding of disability. *Id.*

The Commissioner correctly notes that an ALJ's failure to detail such findings at Step 3 does not necessarily require reversal as long as the ALJ makes factually supported findings at Steps 4 and 5 which eliminate "*any* concern that a claimant might have been adjudged disabled at Step 3." *Fischer-Ross v. Barnhart*, 431 F3d 729, 733 (10th Cir. 2005). The *Fischer-Ross* court clarified its earlier holding in *Clifton*, explaining that the principle enunciated in that

6

case was merely to ensure adequate development of an administrative record and an explanation of the findings to permit meaningful review. *Fischer-Ross*, 431 F.3d at 734. Where an ALJ elsewhere provides detailed findings based upon substantial evidence that also support the finding at Step 3, there is no need to remand the case for further discussion of Step 3. *Id.* The court finds the *Fischer-Ross* Court's interpretation of *Clifton* persuasive and appropriately applied here as it is consistent with Fifth Circuit precedent that remand is not required unless substantial rights have been affected. *Nixon v. Astrue*, 2009 WL 586728, *2 (N.D. Miss. 2009)(citing to *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).

The ALJ summarily concluded that Jackson did not meet the criteria of a listing to be considered disabled without specifically mentioning Listing 1.04A or providing an initial discussion of that conclusion. He did provide a review and analysis of his conclusion that Jackson was not disabled. Docket # 7-2, pp.19-20. He found further that Jackson was not able to perform a job at his previous level, but based upon his age, education, and RFC, he was able to work in other capacities. Docket # 7-2, p. 21. Although it might be arguable that the ALJ's analysis at steps four and five supports his conclusion that Jackson was not disabled under any medical listing at Step 3, his failure to even mention Listing § 1.04A, or any other listing, makes appellate review more difficult. Because this case is being remanded on other grounds, the ALJ should clarify just what portions of the record are relevant to each requirement of Listing 1.04A on remand.

Jackson also contends that even though not every requirement of Listing 1.04A was met in every progress note, in any event the ALJ should have considered a closed period of disability. Docket # 13, pp. 10-11. The ALJ should address this issue on remand as well.

Compliance with SSR 00-4p in Using Vocational Expert Testimony

At Step 5 of the sequential evaluation process, the burden rests on the Commissioner to prove that Jackson is able to perform other work. The ALJ determined that Jackson had medically determinable "severe" impairments, yet had the RFC to lift and carry and push and pull ten pounds; stand and walk for two hours in an eight-hour work day in intervals of 30 minutes; occasionally climb, balance, stoop and crouch; never kneel or crawl; never reach with his upper extremities; and never work at heights or around moving machinery. Docket # 7-2, pp. 17 & 19. Because this RFC did not allow Jackson to perform the full range of sedentary work, the ALJ consulted with the VE to determine the "extent to which these limitations erod[ed] the unskilled sedentary occupational job base." Docket # 7-2, p. 21. The VE testified that there were jobs within the national economy and Mississippi that Jackson could perform with the RFC described above. Docket # 7-2, pp. 42-46. The ALJ specifically asked the VE if his testimony was consistent with the Dictionary of Occupational Titles [DOT], and the VE responded that it was except for the claimant's past work exertional level. Docket # 7-2, pp. 46-47.

Jackson argues that the ALJ violated the requirement of SSR 00-4p by failing to reconcile any conflict between the DOT and the testimony of the VE. Docket 13, p. 11. Both occupations cited by the VE require frequent reaching as described in the DOT, and the ALJ found that Jackson is restricted to no reaching. SSR 00-4p provides:

> When a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT. In these situations, the adjudicator will:
> Ask the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT; and if the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.

SSR 00-4p, 2000 WL 1898704, *4.

SSR 00-4p requires the ALJ to inquire as to any potential conflict between the VE's testimony and the DOT. The record clearly establishes that as a part of his question to the VE the ALJ did so, asking, "Is your testimony in all respects consistent to your knowledge with the Dictionary of Occupational Titles?" Docket # 7-1, p. 47. In his written decision, the ALJ again addressed this requirement by stating "[t]he vocational expert confirmed pursuant to Social Security Ruling 00-4p that his testimony was consistent in all respects with the Dictionary of Occupational Titles...." Docket # 7-2, p. 21. The ALJ complied with the requirements of SSR 00-4p.

Nonetheless, the VE's testimony concerning the existence of jobs that Jackson could perform was not consistent with the RFC as determined by the ALJ. The ALJ's reliance on the VE's testimony to determine that Jackson could make a successful adjustment to other work that exists in significant numbers in the national economy was misplaced. Because there exists a conflict between the VE's testimony and the DOT, the court cannot conclude that substantial evidence supports the ALJ's finding that Jackson could make a successful adjustment to other work. As such, this case must be remanded to the Commissioner for further proceedings, including additional VE testimony, in accordance with this opinion. A separate final judgment in accordance with these findings will issue this day.

This the 10th day of February, 2010.

    /s/ S. Allan Alexander
    UNITED STATES MAGISTRATE JUDGE